**[3F705]** [Order Approving Disclosure Statement, Scheduling Confirmation Hearing, and Fixing Time for Filing Acceptances or Rejection of Plan]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                            Case No. 3:13−bk−04806−JAF
                                                                  Chapter 11

Joseph Gerald Cesario

Regina Anne Cesario

_____Debtor(s)_____/

AMENDED ORDER APPROVING DISCLOSURE STATEMENT, SCHEDULING CONFIRMATION HEARING, AND FIXING TIME FOR FILING ACCEPTANCES OR REJECTION OF PLAN

*Amended to include Courtroom Number*

   A disclosure statement having been filed by the debtor, and it having been determined after hearing on notice that the disclosure statement contains adequate information within the meaning of 11 U.S.C. § 1125, it is

   ORDERED:

   1. The disclosure statement filed by the debtor on September 18, 2014 , is approved.

   2. January 26, 2015 , is fixed as the last day for filing written acceptances or rejections of the plan referred to above.

   3. Within seven (7) days after the entry of this Order, the plan of reorganization, the disclosure statement, ballot for accepting or rejecting the plan, and this Order approving the disclosure statement shall be transmitted by mail by the attorney for the proponent of the plan sought to be confirmed to creditors, equity security holders and other parties in interest as provided in Fed. R. Bank. P. 3017(d), and shall promptly certify such mailing to the Court.

   4. A confirmation hearing will be held on February 9, 2015 at 11:00 a.m. , in 4th Floor Courtroom D , 300 North Hogan Street, Jacksonville, Florida.

   5. Any objections to confirmation shall be filed and served seven(7) days before the date set forth in paragraph 4 and shall be governed by Fed. R. Bank. P. 9014.

*Appropriate Attire*. You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

*Avoid delays at Courthouse security checkpoints.* You are reminded that Local Rule 5073−1 restrict the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

Dated December 2, 2014 .

_____

Jerry A. Funk
United States Bankruptcy Judge

[31204] [Ballot Letter]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
300 North Hogan Street Suite 3–350
Jacksonville, Florida 32202

December 2, 2014

RE: Joseph Gerald Cesario

    Regina Anne Cesario

Case No.: 3:13–bk–04806–JAF


Dear Brett A Mearkle

    Enclosed please find a conformed copy of the Order approving Disclosure Statement and Scheduling the Confirmation Hearing and a model ballot.

    Please prepare and collate a packet for each creditor to consist of the Order Approving Disclosure Statement, a Ballot, a Plan of Reorganization, and a Disclosure Statement, in that sequence. Also, include with each packet, a notice of the sum requested in your application for attorney fees and a notice of hearing on the fee application. Fee applications for professionals must be noticed for the same date and time as the confirmation hearing. The application itself should be filed with the Clerk within ten (10) days of receipt of this letter.

    The ballot packet must be mailed to the creditors within seven (7) days of the date of entry of the Order Approving the Disclosure Statement and *immediately* upon completion of this mailing, you must file with the Court a Certificate of Service with a copy of the mailing matrix attached. Additionally, Local Rule 7005–1(c) requires use in this instance of a matrix obtained from the Clerk's Office *within 7 days* before the date of service.

    The ballot must be on a single sheet of 8 1/2 x 11 inch paper. Please adhere to the format of the attached sample as closely as possible. The box in the lower left hand corner "FOR BALLOT TABULATION ONLY" must appear on all ballots, exactly as it appears on the model ballot. The creditors must be instructed to return all ballots directly to the Clerk's Office in Jacksonville, rather than to your office.

    The attorney for the proponent of the Plan will be responsible for the tabulation of the ballots by February 2, 2015 ***Ballots can be viewed online after the ballot deadline.*** Guidelines for tabulating the ballots are attached to this letter.

    The Court cannot deal with §1129(b) treatment of dissenting classes (cramdown) until it enters an Order finding that §1129(a) is met except for subsection (8), "cramdown" motions may be filed but will be heard at a time other than the confirmation hearing and after notice to affected parties.

    Immediately following confirmation of the Plan, you as the attorney for the debtor are required to send to each creditor and the U.S. Trustee's Office a conformed copy of the Order of Confirmation and a copy of the final Plan of Reorganization, as confirmed, including any modifications. Therefore, no later than fourteen(14) days after entry of the Order, you must supply to the Clerk a certificate of mailing to each creditor a copy of the Order of Confirmation entered by the Court, and the confirmed Plan of Reorganization.

    Thank you for your cooperation.

GUIDELINES FOR TABULATING THE BALLOTS OF CHAPTER 11

CONFIRMATION HEARINGS

It is the responsibility of the attorney for the proponent for the Plan to view ballots, tabulate the results and submit them to the Clerk's Office by the date set forth in the cover letter from the Clerk.

The following guidelines are to be used to determine if the ballot is valid. If there is any conflict or dispute concerning these guidelines, the Court must be informed of such at the confirmation hearing.

1. A ballot must bear the name of the creditor and be signed by him or his authorized representative, and the name and signature must be legible.

2. Ballots must show either an acceptance or rejection to be counted.

3. Ballots must be timely filed to be counted.

4. Creditors may file only one ballot per creditor classification. If more than one ballot is filed showing the same creditor preference (acceptance or rejection), only the last ballot filed will be counted.

5. If a creditor files more than one ballot and those ballots do not agree as to preference, none of the ballots will be counted, unless the creditor timely files a written explanation clearly indicating his preference (acceptance or rejection).

6. The tabulation should include all ballots concerning claims where an objection to claim is pending but has not been disallowed by the Court.

7. The tabulation should exclude any ballot concerning a debt where a proof of claim was required under Federal Rule of Bankruptcy Procedure 3003 (c)(2) and no proof of claim was filed or was untimely filed.

8. For the purpose of tabulating the votes, the dollar amount of the claim is taken first from the proof of claim (if one is filed), secondly from the schedules as filed and finally from the ballot. If none of the above sources provide the dollar amount of the claim, the ballot is not counted.

9. The ballots must be arranged by classification of creditors as stated in the plan and should be numbered continuously starting with the first ballot.

10. The ballots within each class are to be tabulated to indicate acceptance or rejection by the individual class.

11. A class of creditors is determined to have accepted the Plan only if the majority (more than 50%) of the ballots filed in the class accept the plan; and if at least 66 2/3% of the dollar amount of claims voting accept the Plan.


NOTE TO ATTORNEYS TABULATING RESULTS;

PLEASE BE SURE TO PROVIDE ALL THE INFORMATION REQUESTED IN THE

BOX IN THE LOWER RIGHT HAND CORNER OF THE BALLOTS LABELED "FOR

BALLOT TABULATION ONLY."

Case Number 3:13−bk−4806−JAF

Debtor Joseph Gerald Cesario and Regina Anne Cesario

### BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION

The Plan of Reorganization referred to in this ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holder of two−thirds in dollar amount and more than half in number of the ballot for each class. In the event the requisite acceptances are not obtained the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class rejecting it.

*To have your vote count, you must complete and return this ballot.*

The undersigned, a class _____ creditor of the above−named debtor in the unpaid principal amount of $ _____,

*(Check one box) (  ) ACCEPTS (  ) REJECTS*

the Plan of Reorganization of the debtor.

Dated: _____

    Name of Creditor _____

    Creditor's Signature _____

    By _____
       (If Appropriate)

    As _____
       (Agent of Creditor)

    Address _____

             _____

All ballots must be received on or before January 26, 2015 .

*****************************************************************************

Mail to:
Clerk
U.S. Bankruptcy Court
300 North Hogan St. Suite 3−350
Jacksonville, FL 32202

                               For Ballot Tabulation Only
                 ***********************************************

          Ballot No. _____ Creditor Class _____

          Claim No. _____ Claim $ _____

          Claim Amount per Schedule $ _____